JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Dieter Wabnitz ("Wabnitz") appeals the trial court's order granting plaintiff-appellee Victor Laurich-Trost's motion for set-off and to enter judgment for the net amount. We find merit to the appeal and reverse.
 {¶ 2} Victor Laurich-Trost and Arlene Laurich-Trost, administratrix of the estate of Alice Huusare, sued Wabnitz for breach of contract, fraud, and conversion in January 1998. Wabnitz filed a counterclaim, in which he also asserted a claim for conversion.
 {¶ 3} The case proceeded to trial in November 1998. The jury returned verdicts against Wabnitz and in favor of Arlene Laurich-Trost in the amount of $18,750 and in favor of Victor Laurich-Trost in the amount of $81,950. The jury also returned a verdict in favor of Wabnitz and against the Laurich-Trosts in the amount of $20,000 on Wabnitz's counterclaim.
 {¶ 4} Victor Laurich-Trost subsequently filed a motion to set off and enter judgment for net amount. However, before the court ruled on the motion, Wabnitz filed a Chapter 7 bankruptcy in the Eastern District of Michigan, thereby staying the case and preventing the court from granting a set-off.
 {¶ 5} Wabnitz listed the $20,000 judgment as an asset in the bankruptcy case and the Laurich-Trosts' judgments against him as debts. Because the amount the Laurich-Trosts owed him was less than the amount he owed them, the trustee found the judgment was a worthless asset and valued the $20,000 judgment the Laurich-Trosts owed to Wabnitz at zero.[1]
The bankruptcy court ultimately issued a discharge of debtor order, discharging Wabnitz's debts including the Laurich-Trosts' judgments against him as a "no assets" case.[2] Thereafter, Wabnitz filed a garnishment in the Cleveland Municipal Court, attempting to collect the $20,000 judgment he had obtained against the Laurich-Trosts. Victor Laurich-Trost asserts that he returned to the trial court seeking an order setting off the $20,000 judgment against Victor Laurich-Trost's $81,950 judgment against Wabnitz in an effort to avoid garnishment. The trial court granted the motion and entered final judgment against Wabnitz for the net amount of $61,950. Wabnitz appeals.
 {¶ 6} In his sole assignment of error, Wabnitz argues the trial court erred when it granted Victor Laurich-Trost's motion for set-off and entered judgment against Wabnitz for the net amount of $61,950. We agree.
 {¶ 7} Section 524(a) of the Bankruptcy Code states, in pertinent part:
"A discharge in a case under this title — * * *
 "(1) voids any judgment at any time obtained, to the extent that suchjudgment is a determination of the personal liability of the debtor withrespect to any debt discharged * * * whether or not discharge of suchdebt is waived;
 "(2) operates as an injunction against the commencement or continuationof an action, the employment of process, or an act, to collect, recoveror offset any such debt as a personal liability of the debtor, whether ornot discharge of such debt is waived; * * *" (Emphasis added).
 11 U.S.C. § 524.
 {¶ 8} In Thompson v. Mabor, Nugent Co. (Jan. 30, 1997), Cuyahoga App. No. 69126, this court held, pursuant to 11 U.S.C. § 524, that once a debt has been discharged, the creditor is enjoined from maintaining proceedings to either collect on the obligation or offset the debtor's obligation. "All debts of Mabor [the debtor], including any debtto him, were discharged in the federal bankruptcy proceedings." Id. (Emphasis added.) Thus, in the instant case, the trial court's order granting the set-off and entering final judgment against Wabnitz for the net amount of $61,950 violates 11 U.S.C. § 524 because Victor Laurich-Trost's judgment against Wabnitz as well as Wabnitz's $20,000 judgment were discharged in bankruptcy. See, Laurich-Trost v. CoatingMeasurement Technologies (June 6, 2002), Cuyahoga App. No. 80116, at § 56 (Wabnitz's individual liability for the underlying judgment was discharged in his personal bankruptcy).
 {¶ 9} Accordingly, the sole assignment of error is sustained. Judgment reversed.
SEAN C. GALLAGHER, J. and ANTHONY O. CALABRESE, JR., J. CONCUR.
[1] Victor Laurich-Trost provided a copy of the bankruptcy court's "Individual Estate Property Record and Report." Although it is not a certified copy, these facts are not disputed by the parties.
[2] Although the record does not contain a certified copy of the order discharging Wabnitz's debts, these facts are also undisputed by the parties.